IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] LUIS GINES-PEREZ,<br>[2] RICARDO MELENDEZ-PEREZ, and<br>[3] EFREN ANDRADES,<br>Defendants. | SECOND SUPERSEDING<br>INDICTMENT<br><br>CRIMINAL NO. 98-164(DRD)<br><br>VIOLATIONS:<br><br>21 USC §952(a)<br>21 USC §841(a)(1)<br>21 USC §846<br>18 USC §1111<br>18 USC §924(j)<br>18 USC §2<br>31 USC §5324(3)<br>31 USC §5322(b)<br>18 USC §1956(a)(1)(B)(i)<br><br>FIFTEEN COUNTS |

THE GRAND JURY CHARGES:

### COUNT ONE

From on about June 1997 through about September 1998, in the District of Puerto Rico and elsewhere, defendants.

**[1] LUIS GINES-PEREZ,
[2] RICARDO MELENDEZ-PEREZ, and
[3] EFREN ANDRADES,**

and others known and unknown to the Grand Jury, did knowingly, intentionally, willfully, and unlawfully conspire, combine, confederate and agree together and with each other to knowingly intentionally and unlawfully possess with intent to distribute and to distribute

multi-kilograms, the exact amount unknown, of a mixture and substance containing a detectable amount of heroin, and of a mixture and substance containing a detectable amount of cocaine, a Schedule I and II Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 846.

## OBJECTS OF THE CONSPIRACY

It was one of the objects of the conspiracy that the defendants and their co-conspirators would plan to possess with intent to distribute, and would possess with intent to distribute, multi-kilogram quantities of heroin and cocaine, and that once imported into the United States, that is Puerto Rico, would be further distributed.

It was one of the objects of the conspiracy that the defendants and their co-conspirators would distribute heroin and cocaine and thereby derive substantial income from their illegal activities.

It was one of the objects of the conspiracy that the defendants would assist in arranging for the illegally obtained United States currency, representing proceeds of heroin and cocaine to be laundered to prevent the detection of the heroin and cocaine distribution.

## MANNER AND MEANS USED TO FURTHER THE OBJECTS OF THE CONSPIRACY

Among the means used by the defendants and their co-conspirators to carry out the objects of the conspiracy and to ensure the success of their criminal organization were the following:

1. It was part of the conspiracy that the defendants and their co-conspirators would distribute the heroin and cocaine.

2. It was part of the conspiracy that the defendants and their co-conspirators would arrange for the illegally obtained United States currency from the sales of heroin and cocaine to be transferred to South America, St. Martin and elsewhere via wire transfer in an attempt to conceal the heroin and cocaine trafficking and the amounts derived therefrom.

## OVERT ACTS

In furtherance of the conspiracy and to the effect the objects thereof, the defendants and co-conspirators committed, among others, the following overt acts in the District of Puerto Rico and elsewhere:

1. On or about July 6, 1998, Luis Gines Perez and Efren Andrades and others to the Grand Jury known and unknown, while aiding and abetting each other did knowingly, intentionally and unlawfully possess with intent to distribute approximately one and four tenths kilograms (1.4KG) (gross weight) of heroin, a Schedule I Narcotic Drug Controlled Substance.

2. On or about July 14, 1998, Luis Gines Perez did knowingly, intentionally and unlawfully possess with intent to distribute approximately fifty-eight and threee tenths grams (58.3 grams) (gross weight) of heroin, a Schedule I Narcotic Drug Controlled Substance.

Second Superseding Indictment
Criminal No. 98-164(DRD)
Page 4

3. On or about July 1, 1998, Luis Gines Perez assisted by Ricardo Melendez Perez, shot and killed Miguel Huertas, because they believed that Miguel Huertas had stolen money from the proceeds of their heroin and cocaine trafficking.

4. During the relevant time period herein, the defendants and other co-conspirators would obtain heroin and cocaine, which they further distributed, via suitcases which were sent to them which had the heroin and cocaine concealed in the lining of said suitcases.

5. During the relevant time period herein, a co-conspirator known to the grand jury functioned as a South American contact for Luis Gines Perez, in order to provide heroin and cocaine to Gines Perez' organization for further distribution.

6. During the relevant time period, defendants Luis Ginés Pérez and Ricardo Meléndez Pérez and others, at various times laundered drug sales proceeds through a known money laundering facility, which operated in an office location of a business in Old San Juan, Puerto Rico. The persons at this money laundering facility would launder monies by depositing the monies in bank accounts, which would then be transferred to locations in South America.

7. During June 1997, Luis Gines Perez and others known and unknown to the grand jury laundered monies that were proceeds of drug sales by sending approximately $41,300 via U.S. Postal money orders, from drugs which had been provided to Gines and his organization on a consignment basis.

8. From on or about February 9, 1998, to February 11, 1998, Luis Gines Perez, Ricardo Meléndez Pérez and others, wire transferred and caused to be wire transferred, approximately $36,470 from Puerto Rico to St. Martin.

### COUNT TWO

On or about July 1, 1998, in the District of Puerto Rico, the defendants

### [1] LUIS GINES-PEREZ, and
### [2] RICARDO MELENDEZ-PEREZ,

aiding and abetting each other, in the course of knowingly carrying and using a firearm, as that term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to possess with intent to distribute, and to distribute heroin and cocaine, a Schedule I and II, Controlled Drug Substance, in violation of Title 21, United States Code, Section 846, as alleged in Count One, incorporated herein by reference did cause the death of Miguel Huertas through the use of such firearm, which is killing is first-degree murder as defined in Title 18, United States Code, Section 1111, all in violation of Title 18, United States Code, Sections 924(j) and (2).

### COUNT THREE

On or about July 6, 1998, in the District of Puerto Rico, the defendants,

### [1] LUIS GINES-PEREZ, and
### [3] EFREN ANDRADES,

and others to the Grand Jury known and unknown, while aiding and abetting each other did knowingly, intentionally and unlawfully possess with intent to distribute approximately one and four tenths kilograms (1.4KG)(gross weight) of heroin, a Schedule I Narcotic Drug Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about July 14, 1998, in the District of Puerto Rico, the defendant,

### [1] LUIS GINES PEREZ,

did knowingly, willfully and unlawfully possess, in or affecting commerce, a firearm, to wit: a Walther PPK.380, Serial No. 332363, having been convicted on February 26, 1997, in the Federal Court of the District of Puerto Rico for a violation of Title 31, United States Code, Sections 5316, 5322 and Title 18, United States Code, Section 982(a)(1), a crime punishable by imprisonment for a term exceeding one year. All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE

On or about July 14, 1998, in the District of Puerto Rico, the defendant,

### [1] LUIS GINES-PEREZ,

did knowingly, intentionally and unlawfully possess with intent to distribute approximately fifty-eight and three tenths grams (58.3 grams) (gross weight) of cocaine (cocaine hydrochloride) a Schedule I, Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS SIX THROUGH TWELVE

From on or about February 9 through February 11, 1998, in the District of Puerto Rico defendants,

**[1] LUIS GINEZ-PEREZ, and
[2] RICARDO MELENDEZ-PEREZ,**

aided and abetted by each other and others to the Grand Jury known and unknown did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, wire transfer of funds, which involved the proceeds of a specified unlawful activity, that is trafficking in heroin and cocaine knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source and ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction that is, the wire transferred funds, in the amounts set forth below, represented the proceeds of some form of unlawful actiivity.

| COUNT | DATE | APPROXIMATE DOLLAR AMOUNT |
|---|---|---|
| Six (6) | February 9, 1998 | $5,000.00 |
| Seven (7) | February 9, 1998 | $5,000.00 |
| Eight (8) | February 9, 1998 | $5,000.00 |

| Nine (9) | February 9, 1998 | $5,000.00 |
| Ten (10) | February 9, 1998 | $5,000.00 |
| Eleven (11) | February 9, 1998 | $5,000.00 |
| Twelve (12) | February 11, 1998 | $5,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THIRTEEN

From on or about February 9 through February 11, 1998, in the District of Puerto Rico and elsewhere, the defendants,

**[1] LUIS GINES-PEREZ, and
[2] RICARDO MELENDEZ-PEREZ,**

did knowingly, and willfully and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring and attempt to structure and assist in structuring the payment of $35,000 in U.S. currency to Western Union, by breaking the amount into seven separate payments of $5,000 each, over a three day period. All in violation of Title 31, United States Code, Sections 5324(3) and 5322(b) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

From on or about June 9 through about June 12, 1997, the District of Puerto Rico defendants,

**[1] LUIS GINES-PEREZ**

aided and abetted by each other and others to the Grand Jury known and unknown did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, wire transfer of funds, which involved the proceeds of a specified unlawful activity, that is trafficking in heroin and cocaine knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions that is, United States Postal Service money orders, each in the amount of $700, which totalled approximately forty one thousand three hundred dollars ($41,300), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)i) and 2.

### COUNT FIFTEEN

From on or about June 9 through about June 12, 1997, in the District of Puerto Rico and elsewhere, the defendants,

**[1] LUIS GINES-PEREZ**

did knowingly, and willfully and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring and attempt to structure and assist in structuring

**Second Superseding Indictment**
**Criminal No. 98-164(DRD)**
**Page 10**

the payment of approximately $41,300 in U.S. currency to the United States Postal Service, by breaking the amount into payments of approximately $700 each, over a four day period.

All in violation of Title 31, United States Code, Sections 5324(3) and 5322(b) and Title 18, United States Code, Section 2.

GUILLERMO GIL
United States Attorney                                    TRUE BILL

*[signature]*
Miguel A. Pereira
Assistant U.S. Attorney
Chief, Narcotics Division

*[signature]*
John R. Teakell
Assistant U.S. Attorney

Dated: May 11, 2000